IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| ALARM.COM INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-170 |
| | ) | |
| ANDREW HIRSHFELD, | ) | |
| *in his official capacity* | ) | |
| *as Under Secretary of Commerce* | ) | |
| *for Intellectual Property and* | ) | |
| *Director, United States Patent* | ) | |
| *and Trademark Office,* | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss for lack of Subject Matter Jurisdiction.

Alarm.com brings this Administrative Procedure Act appeal from the United States Patent and Trademark Office's denial of Plaintiff's request for ex parte reexamination of three separate patents owned by another entity. The Director of the PTO denied Plaintiff's request for reexamination solely on the basis that 35 U.S.C. § 315(e) estopped Plaintiff from bringing an ex parte reexamination request.

From 2000 to 2003, the PTO issued the three patents at issue here to an HVAC company called Heat-Timer Corporation. In

2014, Vivint, Inc. acquired those patents. A year later, Vivint sued the Plaintiff in Utah for patent infringement. This is where the present case really begins to come into view. As part of the Plaintiff's defense to the patent infringement action, Plaintiff petitioned the PTO to invalidate several patents owned by Vivant, Inc..

Plaintiff first requested inter partes review of several claims relating to each of the three patents. In May 2017, the Patent Trial and Appeal Board issued a written decision that upheld some claims and invalidated others. But, at the end of the day, Plaintiff did not receive the outcome it wanted. Plaintiff appealed the decision to the Federal Circuit where the PTAB's decision was affirmed.

Since inter partes review did not produce Plaintiff's desired results, Plaintiff petitioned the PTO for ex parte reexamination of all three patents. The PTO denied each request without reaching the merits of Plaintiff's arguments. Under the Director's "Clarification of General Policy and Practice," the PTO considers requests for ex parte reexamination barred by the Patent Act's estoppel provisions if inter partes review has already taken place. Since Plaintiff's claims had already gone through the inter partes review process, the Director denied Plaintiff's ex parte reexamination requests.

Plaintiff now brings an APA challenge, claiming that the PTO's reading of the Patent Act's estoppel provisions is clearly erroneous and that the decisions denying ex parte reexamination were arbitrary and capricious and contrary to law. Plaintiff also contends that the Director exceeded his authority by adopting the "Clarification of General Policy and Practice."

Defendants move to dismiss under Federal Rule 12(b)(1) arguing that this Court does not have subject matter jurisdiction over this action because the Patent Act precludes judicial review of denials of ex parte reexamination.

As an initial point, the Defendants' Motion is properly brought under 12(b)(1). If the Patent Act precludes judicial review, then this Court does not have the authority to hear the case. The APA does not grant broad subject-matter jurisdiction for all challenges to agency actions. See Califano v. Sanders, 430 U.S. 99, 107 (1977). It waives sovereign immunity so that those affected by agency actions can challenge them in federal court. See Hostetter v. United States, 739 F.2d 983, 985 (4th Cir. 1984). If a statute precludes judicial review relating to specific agency actions, then sovereign immunity is not waived in those circumstances, and federal courts do not have jurisdiction to hear the challenges. Id.

The APA states that judicial review of agency action is available, except to the extent that "(1) statutes preclude

3

judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2). Although judicial review is strongly presumed, that presumption can be overcome when the text, structure, and history of the statute clearly show that judicial review is not available. See Cuozzo Speed Techs., LLC v. Lee, 136 S. Ct. 2131, 2140 (2016); Elgin v. Dep't of Treasury, 567 U.S. 1, 10 (2012).

As with any question of statutory interpretation, the text should begin the discussion. The Patent Act allows for third parties to challenge the validity of a patent by seeking reexamination. 35 U.S.C § 302. This is the only clear right given to third parties. If on reexamination the PTO disagrees with the third party, no appeal rights are given. This is contrasted with situations where the third party succeeds on reexamination. In those cases, the patent owner is granted the right to appeal the PTO's determination. 35 U.S.C. § 306. Only the patent owner may appeal substantive reexamination decisions. Id.

Plaintiff argues that because this is not a substantive decision of the PTO, it does not fall under the limitations of § 306. Since the Plaintiff's ex parte reexamination request was denied based wholly on estoppel grounds, the presumption in favor of judicial review requires this Court to hear the appeal. The Court finds this argument unpersuasive.

4

The Patent Act gives clear instruction about who may appeal a final reexamination decision. When Congress clearly creates a limited right to appeal for a specific class of people, it can reasonably be presumed that the right does not extend to any other class. See Pregis Corp. v. Kappos, 700 F.3d 1348, 1357 (Fed. Cir. 2012) (citing Syntex (USA) Inc. v. USPTO, 882 F.2d 1570, 1573 (Fed. Cir. 1989); see cf. Chevron U.S.A. v. Echazabal, 536 U.S. 73, 80 (2002). Patent owners have an express and limited right to appeal when the Director rules against them in an ex parte reexamination. 35 U.S.C. § 306. However, if the decision favors the patent owner, no one can seek "review of an examiner or board decision favorable to the patent owner." Syntex (USA) Inc., 882 F.2d at 1573. Additionally, "no one, not even the patent owner, may appeal a PTO decision denying a request for reexamination." Id.

Third parties do not have the right to challenge the substance of an ex parte reexamination and patent owners have only a limited right. Since the Patent Act prevents third parties from appealing substantive decisions, it would be inconsistent for the Act to allow third parties to challenge predicate decisions leading up to ex parte reexamination. The Act gives third parties only a minimal role in the patent process. If reexamination is granted, third parties can do no more than give a written reply to the patent owner's statement.

5

Id. Third parties are prohibited from participating beyond this small amount. Congress took great pains to limit a third-party petitioner's role in the reexamination process. Extending the rights of third parties to allow them to challenge predicate reexamination decisions cuts against the structure of the Patent Act. See Id. at 1572-75. Just because the Patent Act creates a role for third parties, that does not mean it gives third parties extensive, unenumerated rights to judicial review. See Elgin, 567 U.S. at 10-11. The decision not to enumerate review rights for third parties was itself a "considered congressional judgment." Id. at 11 (quoting United States v. Fausto, 484 U.S. 439, 448 (1988)). Only the specified appeal procedures are available.

While the decision denying ex parte review was not based on the substance of Plaintiff's arguments, the Patent Act's careful limitations on judicial review do not include an exception for non-substantive decisions. See Synopsis, Inc. v. Matal, 280 F. Supp. 3d 823, 832 (E.D. Va. 2017). The Patent Act offers specific procedures for third parties to vindicate specific substantive rights. Since Plaintiff cannot appeal a substantive decision of an ex parte proceeding, it would not make sense to allow it to appeal a procedural one. Id. Regardless of the Director's reason for denying the ex parte reexamination, the APA does not create a workaround that allows third parties to

appeal. Based on the text and structure of the Patent Act, it is clear that Congress intended judicial review to proceed only on the terms that the Patent Act specifically lays out. This leaves the Court without jurisdiction to hear Plaintiff's challenge to the Director's decision to deny an ex parte reexamination hearing on estoppel grounds.

Plaintiff also attempts to use the APA to challenge the Director's General Policy regarding § 315(e)(1). The Court does not have jurisdiction to hear this challenge either. The APA only allows a general cause of action for challenges to final agency action, not just anything done by an agency. 5 U.S.C. § 702. Agency policies can only be challenged when they have caused an injury in fact that gives a plaintiff standing to sue. The policy at issue "here neither require[s] nor forbid[s] any action" by the Plaintiff. Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). It only explains the Director's reasoning for his own decisions regarding statutory estoppel. See id. The agency action that allegedly harmed Plaintiff was the denial of the ex parte reexamination, not the issuance of the policy. The Director's policy has not caused an injury to Plaintiff sufficient to confer standing.

For the foregoing reasons, this Court finds that Defendants' 12(b)(1) Motion to Dismiss should be granted. The Court lacks jurisdiction to hear Plaintiff's APA challenge

7

because the Patent Act precludes judicial review and Plaintiff does not have standing to challenge the Director's policy. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 22, 2021